# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EDDIE JAMES SHORTY**                                                                 **PLAINTIFF**

v.                                                                                     No. 4:08CV130-M-A

**CHRISTOPHER EPPS, ET AL.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Eddie James Shorty, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Shorty claims that the defendants have unlawfully issued rule violation reports against him and have unlawfully seized his property after he flooded his cell. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Shorty alleges that the defendants have unlawfully removed property from his cell after he caused a flood in his cell to get the attention of the prison guards. He also alleges that the defendants have unlawfully issued rule violation reports against him when he masturbates in his cell. Finally, Shorty alleges that the female prison guards flirt with him, entice him sexually, and even pay to watch him masturbate. All of these practices are against prison rules for both inmates and guards. However, when the female guards are caught breaking the rules, Shorty alleges that the guards place all the blame on him and issue a rule violation report to him.

## Discussion

None of the plaintiff's allegations rise to the level of a constitutional violation. First, property restriction is a standard and rational practice for dealing with the unruly behavior of inmates – and particularly for the flooding of a cell, which can cause health problems and property damage. In addition, as the plaintiff has not alleged that specific items of his property were removed from his cell and not returned to him, he has failed to plead sufficient facts to support his claim, which fails for this reason, as well.

The plaintiff also seems to assert that prisoners have the right to masturbate as long as they do so in their cells. Shorty does not, however, cite any authority to support this notion, and the Fifth Circuit has found that a prohibition against masturbation in prison "does not rise to the level of cruel and unusual punishment." *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993) (unpublished). The court also found that false disciplinary reports, which are actually malicious prosecution claims, cannot state a claim unless the disciplinary proceedings terminated in the plaintiff's favor. *Id.* As the proceedings did not terminate in Shorty's favor, these claims shall be dismissed, as well.

## Pending Motions

Shorty has filed two motions to amend his complaint, a motion for a temporary restraining order, a motion for partial summary judgment, and a motion for judgment on the pleadings.

The plaintiff has requested to amend his original complaint to include claims that arose *after* its filing. This is not permissible because the plaintiff must exhaust his administrative remedies for each claim *before* filing his action in federal court. 42 U.S.C. § 1997e(a);

*Underwood v. Wilson,* 151 F.3d 292, 293 (5th Cir.1998). Although failure to exhaust administrative remedies is an affirmative defense – and normally raised in a responsive pleading, *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) – a court may nonetheless dismiss the claim if the affirmative defense (in this case failure to exhaust) appears on the face of the pleadings. *Bock*, 127 S.Ct. at 921-921. That is what occurred in this case. The plaintiff filed this case on October 6, 2008, but the events giving rise to the claims in his proposed amended complaint arose *after* the filing of this action. As a matter of reason, the new claims could not have been exhausted before they occurred. Thus, the claims the plaintiff raises in his amended complaints shall be dismissed for failure to exhaust.

The motions for a temporary restraining order, for partial summary judgment, and for judgment on the pleadings are all based upon the merits of Shorty's claims in his original complaint. As the court has found these claims to be without merit, these three motions shall be denied.

In sum, the instant case shall be dismissed for failure to state a claim upon which relief could be granted, and all pending motions shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of June, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**